IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-193-K |
| NATHAN DONALD PELHAM | |

## UNITED STATES' UNOPPOSED
## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924(d), the United States of America moves the Court to enter a Preliminary Order of Forfeiture, and in support states:

1. On May 15, 2023, the government charged Nathan Donald Pelham in Count One with Illegal Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Information, Dkt. 11. The Information notified the defendant that upon conviction, the government would seek to forfeit any firearms and ammunition involved in the offense under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). *Id.*

2. The property to be forfeited included:

   a. A Smith & Wesson, model SD9 VE, 9mm pistol, bearing serial number FXZ2704;

   b. Ammunition and magazines recovered with the firearm, including two chrome Smith & Wesson 9mm magazines, partial box of 9mm Federal American Eagle 124 grain ammunition, Winchester Silvertip 9mm 147 grain "Defense JHP" ammunition, partial box of 9mm Winchester,

NATO 124 Grain FMJ ammunition, box of CCI Blazer 9mm 115 Grain FMJ ammunition, and loose 9mm ammunition;

("Subject Property").

3. On May 15, 2023, the defendant entered in a plea agreement with the government and agreed to forfeit the Subject Property. Dkt. 13. In a factual resume, the defendant described the connection of the Subject Property to the offense including that on or about April 12, 2023, he knowingly and unlawfully possessed the Subject Property. Prior to possessing the Subject Property, Pelham had been convicted of a crime punishable by imprisonment for a term in excess of one year, and knew he had been convicted of such an offense. Pelham possessed the firearm in and affecting interstate commerce, in that the firearm had traveled at some time from one state to another. Pelham knew that he had previously been convicted of a state jail felony. Factual Resume 2, Dkt. 15. The defendant pleaded guilty to the offense. *See* Dkt. 17 (minute entry for plea hearing) and 19 (report and recommendation on guilty plea).

4. Under 18 U.S.C. § 924(d), the defendant must forfeit to the United States any firearms or ammunition involved in or used in the offense. This civil forfeiture provision applies to this criminal case because 28 U.S.C. § 2461(c) authorizes criminal forfeiture for offenses where civil forfeiture is authorized. Under Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), if the Court determines that the government has made the required showing under the statute authorizing forfeiture, the Court must enter an order forfeiting the property to the United States without regard to any third-party interest.

5.     Based on the defendant's guilty plea, plea agreement, and factual resume, the government has established under 18 U.S.C. § 924(d) that the defendant committed an offense for which forfeiture is authorized and has shown that the property has the requisite nexus with that offense.  Accordingly, the property is subject to forfeiture to the United States.

6.     Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

7.     In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n).  The accompanying order highlights the various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

8.     Therefore, the government asks the court to enter the enclosed preliminary order forfeiture.  Additionally, the government requests as required by Fed. R. Crim. 32.2(b)(4)(B), that the Court orally announce the forfeiture at the defendant's sentencing and reference the forfeiture order in the judgment.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
T: 214-659-8604 | F: 214-659-8802
douglas.brasher@usdoj.gov

## CERTIFICATE OF CONFERENCE

As the defendant previously agreed to forfeit his interest in the property, there was no need for a conference with the defendant's counsel.

*/s/ Douglas B. Brasher*
Assistant United States Attorney
